# EXHIBIT 1

CSC

**null / ASB**
**Transmittal Number: 29043662**
**Date Processed: 05/03/2024**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Wendy Covato<br>Ampco-Pittsburgh<br>726 Bell Ave<br>Ste 301<br>Carnegie, PA 15106-1138 |
| **Electronic copy provided to:** | Tiffini Stewart<br>Kimberly Knox |

| | |
|---|---|
| **Entity:** | Air & Liquid Systems Corporation<br>Entity ID Number 3763808 |
| **Entity Served:** | Air & Liquid Systems Corporation, successor by merger to Buffalo Pumps, Inc |
| **Title of Action:** | Leslie Chappel vs. Air & Liquid Systems Corporation, successor by merger to Buffalo Pumps, Inc. |
| **Matter Name/ID:** | Leslie Chappel vs. Air & Liquid Systems Corporation, successor by merger to Buffalo Pumps, Inc. (15660499) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Asbestos |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 24STCV10740 |
| **Jurisdiction Served:** | New York |
| **Date Served on CSC:** | 05/03/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Pearce Lewis LLP<br>415-964-5225 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by Superior Court of California, County of Los Angeles 4/30/2024 4:30 PM David W. Slayton, Executive Officer/Clerk of Court, By E. Davis, Deputy Clerk**

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

AIR & LIQUID SYSTEMS CORPORATION, successor by merger to Buffalo Pumps, Inc.; (See SUM-200(A) FOR ADDITIONAL PARTIES)

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

LESLIE CHAPPEL and LINDA CHAPPEL

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov), *en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org), *en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Spring Street Courthouse
312 Spring Street, Los Angeles, California 90012

CASE NUMBER: *(Número del Caso):* 24STCV10740

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stuart B. Lewis, Esq., PEARCE LEWIS LLP, 423 Washington Street, Suite 510, San Francisco, CA 94111; 415-964-5225

DATE: *(Fecha)* 04/30/2024 David W. Slayton, Executive Officer/Clerk of Court Clerk, by *(Secretario)* E. Davis, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: AIR & LIQUID SYSTEMS CORPORATION, successor by merger to Buffalo Pumps, Inc.

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

SUM-200(A)

| SHORT TITLE: Leslie Chappel, et al. v. Air & Liquid Systems Corporation, etc., et al. | CASE NUMBER: |
|---|---|

**INSTRUCTIONS FOR USE**

- This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

ARMSTRONG INTERNATIONAL, INC.; AURORA PUMP COMPANY; CARRIER CORPORATION; FMC CORPORATION, as Successor-in-Interest to Peerless Pump Co.; GENERAL ELECTRIC COMPANY; GENUINE PARTS COMPANY, d/b/a National Automotive Parts Association a/k/a NAPA; GOULDS PUMPS LLC; HILL BROTHERS CHEMICAL COMPANY; HONEYWELL INTERNATIONAL INC., f/k/a AlliedSignal Inc., Successor-in-Interest to The Bendix Corporation; IMO INDUSTRIES, INC.; I.T.T. INDUSTRIES, INC., individually and as successor to Bell & Gossett; KAISER GYPSUM COMPANY, INC.; KROEGER EQUIPMENT & SUPPLY CO.; METALCLAD INSULATION LLC; MORSE TEC LLC, f/k/a BorgWarner Morse TEC LLC, as Successor-by-merger to Borg-Warner Corporation; PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation f/k/a Westinghouse Electric Corporation; PEP BOYS, MANNY MOE & JACK OF CALIFORNIA LLC, f/k/a The Pep Boys Manny, Moe & Jack Of California; PFIZER, INC.; PNEUMO ABEX LLC, successor in interest to Abex Corporation; REDCO CORPORATION f/k/a Crane Co.; VELAN VALVE CORP.; WARREN PUMPS LLC; UNION CARBIDE CORPORATION; YORK INTERNATIONAL CORPORATION; and the FIRST DOE through THREE HUNDREDTH DOE, inclusive.



Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

TIMOTHY F. PEARCE, ESQ. (SBN 215223)
STUART B. LEWIS, ESQ. (SBN 321824)
ANYA FUCHS, ESQ. (SBN 215105)
HANNAH B. OXLEY, ESQ. (SBN 282007)
**PEARCE LEWIS LLP**
423 Washington St., Suite 510
San Francisco, CA 94111
Tel: (415) 964-5225
Fax:(415) 830-9879
tim@pearcelewis.com
stuart@pearcelewis.com
anya@pearcelewis.com
hannah@pearcelewis.com

Attorneys for Plaintiffs
LESLIE CHAPPEL and LINDA CHAPPEL

**Electronically FILED by Superior Court of California, County of Los Angeles 4/29/2024 5:33 PM David W. Slayton, Executive Officer/Clerk of Court, By M. Aguirre, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**
(UNLIMITED JURISDICTION)

LESLIE CHAPPEL and LINDA CHAPPEL,

Plaintiffs,

vs.

AIR & LIQUID SYSTEMS CORPORATION, successor by merger to Buffalo Pumps, Inc.; ARMSTRONG INTERNATIONAL, INC.; AURORA PUMP COMPANY; CARRIER CORPORATION; FMC CORPORATION, as Successor-in-Interest to Peerless Pump Co.; GENERAL ELECTRIC COMPANY; GENUINE PARTS COMPANY, d/b/a National Automotive Parts Association a/k/a NAPA; GOULDS PUMPS LLC; HILL BROTHERS CHEMICAL COMPANY; HONEYWELL INTERNATIONAL INC., f/k/a AlliedSignal Inc., Successor-in-Interest to The Bendix Corporation; IMO INDUSTRIES, INC.; I.T.T. INDUSTRIES, INC., individually and as successor to Bell & Gossett; KAISER GYPSUM COMPANY, INC.; KROEGER EQUIPMENT & SUPPLY CO.; METALCLAD INSULATION LLC; MORSE TEC LLC, f/k/a BorgWarner Morse TEC LLC, as Successor-by-merger to Borg-Warner Corporation; PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation f/k/a Westinghouse Electric Corporation; PEP BOYS, MANNY MOE & JACK OF CALIFORNIA LLC, f/k/a The Pep Boys Manny, Moe & Jack Of California; PFIZER, INC.; PNEUMO ABEX

Case No.: 24STCV10740

JCCP: 4674

**COMPLAINT FOR DAMAGES**

(Asbestos – Personal Injury)

1. NEGLIGENCE
2. STRICT LIABILITY
3. LOSS OF CONSORTIUM
4. Prayer for PUNITIVE DAMAGES

THIS ACTION CONSTITUTES COMPLEX ASBESTOS LITIGATION – SUBJECT TO THE GENERAL ORDERS CONTAINED IN FILE NO. 700000

DEMAND FOR JURY TRIAL

LLC, successor in interest to Abex Corporation; REDCO CORPORATION f/k/a Crane Co.; VELAN VALVE CORP.; WARREN PUMPS LLC; UNION CARBIDE CORPORATION; YORK INTERNATIONAL CORPORATION; and the FIRST DOE through THREE HUNDREDTH DOE, inclusive,

Defendants.

## GENERAL ALLEGATIONS

1. The Plaintiffs in this matter are LESLIE CHAPPEL and his spouse, LINDA CHAPPEL ("Plaintiffs").

2. Plaintiff LESLIE CHAPPEL and his spouse, LINDA CHAPPEL, are, at all times referenced herein, legally married. Plaintiff LESLIE CHAPPEL suffers from asbestos related lung cancer, an asbestos related cancer, based upon exposures to asbestos that occurred in the State of California. Plaintiff alleges exposure to all Defendants in this action, at least in part, based upon his work and the Defendants' conduct in the State of California. The Defendants in this matter are AIR & LIQUID SYSTEMS CORPORATION, successor by merger to Buffalo Pumps, Inc.; ARMSTRONG INTERNATIONAL, INC.; AURORA PUMP COMPANY; CARRIER CORPORATION; FMC CORPORATION, as Successor-in-Interest to Peerless Pump Co.; GENERAL ELECTRIC COMPANY; GENUINE PARTS COMPANY, d/b/a National Automotive Parts Association a/k/a NAPA; GOULDS PUMPS LLC; HILL BROTHERS CHEMICAL COMPANY; HONEYWELL INTERNATIONAL INC., f/k/a AlliedSignal Inc., Successor-in-Interest to The Bendix Corporation; IMO INDUSTRIES, INC.; I.T.T. INDUSTRIES, INC., individually and as successor to Bell & Gossett; KAISER GYPSUM COMPANY, INC.; KROEGER EQUIPMENT & SUPPLY CO.; METALCLAD INSULATION LLC; MORSE TEC LLC, f/k/a BorgWarner Morse TEC LLC, as Successor-by-merger to Borg-Warner Corporation; PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation f/k/a Westinghouse Electric Corporation; PEP BOYS, MANNY MOE & JACK OF CALIFORNIA LLC, f/k/a The Pep Boys Manny, Moe & Jack Of California; PFIZER, INC.; PNEUMO ABEX LLC, successor in interest to Abex Corporation; REDCO CORPORATION f/k/a Crane Co.; VELAN VALVE CORP.; WARREN PUMPS LLC; UNION CARBIDE CORPORATION; YORK INTERNATIONAL CORPORATION; and the FIRST DOE through THREE HUNDREDTH DOE, inclusive, (collectively, "**ASBESTOS DEFENDANTS"**), and are corporations and/or limited liability companies organized and existing under and by virtue of the laws of the State of California, or the laws of some state or foreign jurisdiction, and that said defendants were and are authorized to do and are doing business in the State

of California, and that said defendants have regularly conducted business in the County of Los Angeles, State of California.

3. The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants **FIRST DOE** through **THREE HUNDREDTH DOE**, inclusive, are unknown to Plaintiff at this time and Plaintiff therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiff will amend this complaint accordingly. Plaintiff is informed and believes, and thereon alleges, that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiff, as hereinafter alleged.

4. Upon information and belief, and at all times herein mentioned, each of the **ASBESTOS DEFENDANTS**, except as otherwise alleged, was the agent, servant, employee and/or joint venturer of the other defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Certain defendants agreed and conspired among themselves, and with certain other individuals and/or entities, to act, or not to act, in such a manner that resulted in injury to the Plaintiff; and such defendants, as co-conspirators, are liable for the acts, or failures to act, of other conspiring defendants.

5. At all times herein mentioned, each of the **ASBESTOS DEFENDANTS** was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity designing, manufacturing, assembling, packaging modifying, selling, supplying, distributing, marketing, advertising, warranting, handling, disturbing, servicing, repairing, installing, removing and/or contracting to service, repair, install and/or remove, a certain substance, the generic name of which is asbestos, and/or other products containing said substance. Said entities shall hereinafter collectively be called "alternate entities." Each of the herein named **ASBESTOS DEFENDANTS** are liable for the tortuous conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, alter-ego, whole of partial owner, or wholly or partially owned entity, or entity that

it as a member of, or funded, that designed, manufactured, assembled, packaged, sold, supplied, distributed, marketed, advertised, warranted, handled, disturbed, serviced, repaired, installed, removed and/or contracted to handle, disturb, service, repair, install and/or remove, a certain substance, the generic name of which is asbestos, and/or other products containing said substance.

**<u>FIRST CAUSE OF ACTION</u>**

**Negligence (Personal Injuries)**

*PLAINTIFF LESLIE CHAPPEL COMPLAINS OF DEFENDANTS, AND EACH OF THEM AND FOR A CAUSE OF ACTION FOR NEGLIGENCE (PERSONAL INJURIES) ALLEGES AS FOLLOWS:*

6. Plaintiff re-alleges and incorporates herein by reference each of the preceding paragraphs of this Complaint, as though fully stated herein.

7. Upon information and belief, Plaintiff LESLIE CHAPPEL alleges that he was exposed to asbestos at jobsites which include but are not limited to, the following:

| Employers' Name and Address | Job Title | Date Started – Date Ended (mo, day, year) | Description of Job Duties |
|---|---|---|---|
| US Navy<br>USS Lucid MSO-458, dry dock repairs at Long Beach Naval Shipyard,<br>USS Persistent MSO-491 | Shipfitter | July 25, 1961, thru March of 1965 | While Plaintiff's job required him to "literally fit the ship together" he spent a significant amount of time working in the engine and boiler rooms where he was routinely around pipe fitters, insulators and mechanics. Plaintiff's duties included burning, welding, cropping and grinding. Plaintiff has recollection of being around when asbestos thermal insulation was applied to and removed from pipes and associated equipment and was in the direct vicinity when workers performed maintenance |

| | | | |
|---|---|---|---|
| | | | on pumps, steam traps and valves. This work involved asbestos containing gasket and packing materials. |
| Personal Home Renovation Work, Fresno, California | Laborer | Early 1970's | Plaintiff performed numerous tasks including, drywall, and joint compound finish work on a home in California. |
| Various Jobsites, Iron Workers Union, Fresno, California. | Welder/Machinist | 1970's | Plaintiff was responsible for welding and performing maintenance and repairs on pumps and valves that involved the use of asbestos containing gasket and packing materials. Plaintiff routinely worked around a variety of trades that used asbestos containing products including but not limited to insulators, electricians, mechanics, and laborers. |
| L&L Mountain Enterprise, Fresno, California. | Owner/Mechanic | 1982-2009 | Plaintiff owned a firewood business and was responsible for maintaining a fleet of cars and field trucks including performing brake jobs and engine and clutch overhauls. |
| Personal Automotive Repairs, Fresno, California. | Mechanic | 1970's thru 2000's. | Plaintiff performed his own automotive repairs and those for family and friends that involved brake jobs and clutch overhauls. |

8. Upon information and belief, and at all times herein mentioned, **ASBESTOS DEFENDANTS** and each of them were engaged in the business of designing, manufacturing, assembling, packaging modifying, selling, supplying, distributing, marketing, advertising, warranting,

handling, disturbing, servicing, repairing, installing, removing and/or contracting to service, repair, install and/or remove, a certain substance, the generic name of which is asbestos, and/or other products containing said substance; or are engaged in the business of designing, manufacturing, selling, supplying distributing, and marketing safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos and/or asbestos-containing products and materials in the workplace and other locations.

9. Upon information and belief, and at all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them negligently and carelessly researched, designed, tested and/or failed to test, manufactured and/or caused to be manufactured, sold, supplied, distributed, marketed, marketed, advertised, warranted, warned and/or failed to warn, handled, disturbed, serviced, repaired, installed, removed, and/or contracted to handle, disturb, service, repair, install, and/or remove, inspected and/or failed to inspect certain substance, the generic name of which is asbestos, and/or other products containing said substance; and substance, and the other products containing said substance were capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers, bystanders and others, including but not limited to Plaintiff herein, while being used in a manner reasonably foreseeable to **ASBESTOS DEFENDANTS,** thereby rendering said substance and said products unsafe and dangerous to the users, consumers, workers, bystanders and others exposed thereto.

10. Upon information and belief, and at all times herein mentioned, the **ASBESTOS DEFENDANTS** and each of them, designed, manufactured, sold, supplied, distributed, marketed, advertised and/or warranted finished products which incorporated asbestos and asbestos parts and materials therein by design, and which were designed to be used with asbestos and other products and materials containing asbestos; and each of the aforementioned finished products was designed and manufactured in such a manner that the ordinary use, operation, repair, maintenance, installation and/or removal of said finished products resulted in the release of respirable asbestos fiber such that persons, including Plaintiff, that worked with and/or around such products, as well as persons who came into contact with such persons, were exposed to and inhaled asbestos fiber.

11. Moreover, each **ASBESTOS DEFENDANT** designed, manufactured, sold, supplied, distributed, marketed, advertised and labeled finished products, which were defective, in that their ordinary foreseeable use, operation, installation, repair and/or removal caused the degradation of integrated asbestos-containing materials parts and components which were incorporated therein by design, both as original equipment and replacement parts. As a result of such degradation, the asbestos materials contained in said finished products became friable and released airborne, respirable asbestos that users, consumers, workers, bystanders, and others including said exposure substantially contributed to, and caused Plaintiff's injuries alleged herein, including Plaintiff's development of malignant mesothelioma.

12. Plaintiff herein, is a consumer and bystander who used, handled, serviced, repaired, disturbed, installed and/or removed, and/or was around others who used, handled, serviced, repaired, disturbed, installed and/or removed the asbestos and/or asbestos-containing products, as well as the finished products whose defective design and manufacture caused the release of asbestos referred to herein, and Plaintiff was exposed to asbestos in a manner that was reasonably foreseeable to **ASBESTOS DEFENDANTS** and each of them.

13. Upon information and belief, and at all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them, failed to adequately warn purchasers, consumers, end users, including Plaintiff herein, and others who would foreseeably come into contact with or otherwise be exposed to asbestos from their asbestos and defective asbestos-containing and/or asbestos-releasing products about the severe hazards posed by exposure to each of the **ASBESTOS DEFENDANTS'** asbestos and asbestos-containing and asbestos-releasing products, including but not limited to lung damage and increased risk of lung cancer and malignant mesothelioma.

14. Each of the **ASBESTOS DEFENDANTS** failed to provide adequate warnings to purchasers, consumers, end users and bystanders of their products concerning the severe health hazards that exposure to, and inhalation of, asbestos released by and from their products and as a result of their conduct, posed to purchasers, consumers end users and bystanders of said products and conduct, including Plaintiff herein, including the risk of severe lung damage, increased risk of asbestosis, lung cancer and malignant mesothelioma. At all times herein mentioned **ASBESTOS**

**DEFENDANTS**, and each of them, had constructive and actual knowledge of the aforementioned hazards and risks to human health posed by their products and conduct.

15. As a direct and proximate result of the conduct of the **ASBESTOS DEFENDANTS**, and each of them, as aforesaid, Plaintiff has suffered severe and permanent malignant injuries, including, but not limited to, mesothelioma and other bodily damages, all to Plaintiff's general damages in a sum invoking the unlimited jurisdiction of the Court.

16. Upon information and belief, at the time of his exposure to asbestos, Plaintiff was not aware that exposure to asbestos presented any risk of injury and/or disease to him and had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working with or around asbestos and/or products which contained and/or incorporated asbestos.

17. Upon information and belief, and at all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them, failed to adequately warn purchasers, consumers, end users, including Plaintiff herein, and others who would foreseeably come into contact with or otherwise be exposed to asbestos from their asbestos and defective asbestos-containing and/or asbestos-releasing products about the severe hazards posed by exposure to each of the **ASBESTOS DEFENDANTS'** asbestos and asbestos-containing and asbestos-releasing products, including but not limited to lung damage and increased risk of lung cancer and malignant mesothelioma.

18. As a direct and proximate result of the aforesaid conduct of the **ASBESTOS DEFENDANTS** and each of them, Plaintiff has incurred, is presently incurring and will incur in the future liability for physicians, surgeons, nurses, hospital care, medicine, hospitals, x-rays and other medical care and treatment, the true and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to amend this Complaint accordingly when the true and exact cost thereof is ascertained.

19. Plaintiff LESLIE CHAPPEL has lost pre-judgment interest pursuant to *Civil Code* Section 3291, the exact amount of which Plaintiff prays leave to insert herein when finally ascertained.

20. In researching, testing, designing, manufacturing, labeling, selling, distributing, advertising marketing, servicing, repairing, disturbing installing and/or removing said products,

**ASBESTOS DEFENDANTS** and each of them, did so with conscious disregard for the safety of the users, consumers of said product, as well as bystanders and others who would foreseeably come into contact with said products and/or the asbestos released therefrom. **ASBESTOS DEFENDANTS** had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including but not limited to increased risk of developing severer and terminal diseases such as mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data, industrial literature and medical data to which **ASBESTOS DEFENDANTS** had access, as well as scientific studies performed by, at the request of, or with the assistance of, said **ASBESTOS DEFENDANTS**, and which knowledge was obtained by said **ASBESTOS DEFENDANTS** on or before 1933, and thereafter.

21. On or before 1933, and thereafter, said **ASBESTOS DEFENDANTS** were aware that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos could cause injury, and said **ASBESTOS DEFENDANTS** knew that the users of asbestos and asbestos products, as well as members of the general public who were exposed to asbestos and asbestos products, would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe, when in fact said exposure was extremely hazardous to human life.

22. With said knowledge, said **ASBESTOS DEFENDANTS** opted to design, manufacture sell, distribute, advertise, warrant, handle, service, repair, disturb, install and/or remove said asbestos and asbestos-containing products without attempting to protect users, consumers, bystanders and others who would foreseeably be exposed to asbestos from such products and activities of the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products. Rather than attempting to warn and/or protect users, workers, bystanders and others from the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, **ASBESTOS DEFENDANTS** intentionally failed to reveal their knowledge of said risks, and fraudulently, knowingly, consciously and actively concealed and suppressed said knowledge from users, workers, consumers, bystanders and other members of the general public including Plaintiff herein.

23. The above referenced conduct of said **ASBESTOS DEFENDANTS** was motivated by the financial interest of said **ASBESTOS DEFENDANTS** in the continuing, uninterrupted distribution and marketing of asbestos and asbestos-containing products, as well as the continuing uninterrupted business of handling, repairing, servicing, disturbing, installing and/or removing of asbestos and/or asbestos-containing products. In pursuance of said financial motivation, said **ASBESTOS DEFENDANTS** consciously disregarded the safety of those who work with and around said asbestos and asbestos-containing products, as well as all of those who would foreseeably be exposed to asbestos as a result of **ASBESTOS DEFENDANTS'** conduct. **ASBESTOS DEFENDANTS** were consciously willing to permit asbestos and asbestos products to cause injury to users and consumers thereof, as well as workers, bystanders and all others who would foreseeably be exposed to asbestos released from such asbestos and/or asbestos-containing products, including but not limited to Plaintiff herein.

24. As the above referenced conduct of said **ASBESTOS DEFENDANTS** was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of workers exposed to asbestos and asbestos products, including Plaintiff. Plaintiff, for the sake of example, and by way of punishing said **ASBESTOS DEFENDANTS**, seeks punitive damages according to proof.

25. Plaintiff hereby disclaims and waives any cause of action or recovery for any injuries, as against any **ASBESTOS DEFENDANTS** named herein, to the extent that said injury was caused by exposure to asbestos, asbestos-containing products and/or asbestos-releasing products in a federal enclave.

26. Plaintiff also disclaims and waives any cause of action for recovery for any injuries resulting from exposure to asbestos caused by any acts or omissions of any of the **ASBESTOS DEFENDANTS** named herein committed at the direction of an officer of the United States Government.

27. Plaintiff further disclaims and waives any cause of action for recovery for any injuries resulting from exposure to asbestos caused by the acts and omissions of any **ASBESTOS DEFENDANTS** to the extent that said **ASBESTOS DEFENDANTS** was a military or government

contractor and to the extent that the product from which the asbestos was released was military equipment under the *Boyle v. United Technologies Corp.,* (1988) 487 U.S. 500 line of cases.

28. WHEREFORE, Plaintiff LESLIE CHAPPEL prays judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

**SECOND CAUSE OF ACTION**

**Strict Liability**

*AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFF LESLIE CHAPPEL COMPLAINS OF THE* ***ASBESTOS DEFENDANTS*** *AND EACH OF THEM, AND ALLEGES AS FOLLOWS:*

29. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this Complaint.

30. Upon information and belief, **ASBESTOS DEFENDANTS** and each of them, researched, designed manufactured, tested or failed to test, inspected or failed to inspect, labeled, sold, distributed, advertised, marketed, warranted, a certain substance, the generic name of which is asbestos and other products containing said substance. which substance and products containing said substance are defective, in that the same was capable of causing and did, in fact, cause personal injuries, including mesothelioma and other bodily damage, to users, consumers, bystanders and others who were foreseeably exposed to asbestos from said asbestos and products containing asbestos, including Plaintiff herein, while said asbestos and products containing asbestos were used in a reasonably foreseeable manner, thereby rendering the same unsafe and dangerous for use by consumers, users, bystanders and workers exposed thereto; said **ASBESTOS DEFENDANTS**, and each of them, further failed to adequately warn of the risks to which Plaintiff and others similarly situated were exposed.

31. As a direct and proximate result of the conduct, acts and omissions of each of the **ASBESTOS DEFENDANTS** as set forth above, Plaintiff has suffered the injuries and damages as previously set forth herein including those alleged in the First and Second Causes of Action, inclusive.

32. WHEREFORE, Plaintiff LESLIE CHAPPEL prays judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

## THIRD CAUSE OF ACTION

**Loss of Consortium**

*AS AND FOR A FURTHER, THIRD SEPARATE AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF LINDA CHAPPEL COMPLAINS OF* ***ASBESTOS DEFENDANTS****, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:*

33. Plaintiff incorporates herein by reference and makes a part hereof as though fully set forth herein, in the First and Second Causes of Action of this Complaint.

34. Plaintiff LINDA CHAPPEL is now, and at times herein mentioned, the lawfully wedded spouse of LESLIE CHAPPEL.

35. As a direct and proximate result of the acts of **ASBESTOS DEFENDANTS**, and each of them, as set forth and incorporated herein by reference, and the severe injuries caused thereby to LESLIE CHAPPEL as alleged in his Complaint, plaintiff LINDA CHAPPEL has suffered, and for a long period of time will continue to suffer loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of her said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

36. Plaintiff LINDA CHAPPEL as a result of the foregoing described injuries to her Spouse, LESLIE CHAPPEL, has been generally damaged in a sum in excess of the jurisdictional limits of the Municipal Court.

## PRAYER

WHEREFORE, Plaintiff LESLIE CHAPPEL prays judgment against **ASBESTOS DEFENDANTS**, and each of them, as follows:

1. For Plaintiffs' general damages according to proof;
2. For Plaintiff's medical and related expenses according to proof;
3. For Plaintiff's prejudgment interest according to proof, pursuant to *Civil Code* section 3291;
4. For Plaintiffs' costs of suit herein;

5. As to those **ASBESTOS DEFENDANTS** named in the First Cause of Action, for exemplary or punitive damages according to proof; and,

6. For such other and further relief as this Court deems just and proper.

Date: April 29, 2024

**PEARCE LEWIS LLP**

STUART B. LEWIS, ESQ.
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury as to all issues so triable.

DATED: April 29, 2024

**PEARCE LEWIS LLP**

STUART B. LEWIS, ESQ.
Attorneys for Plaintiffs

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Timothy F. Pearce, Esq. (SBN 215223); Stuart B. Lewis, Esq. (SBN 321824);
Anya Fuchs, Esq. (SBN 215105); Hannah B. Oxley, Esq. (SBN 282007)
Pearce Lewis LLP, 423 Washington St., Suite 510, San Francisco, CA 94111
TELEPHONE NO.: 415-964-5225 FAX NO.: 415-830-9879
EMAIL ADDRESS: tim@pearcelewis.com; stuart@pearcelewis.com
ATTORNEY FOR *(Name):* Plaintiff, LESLIE CHAPPEL and LINDA CHAPPEL

FOR COURT USE ONLY

**Electronically FILED by Superior Court of California, County of Los Angeles 4/29/2024 5:33 PM David W. Slayton, Executive Officer/Clerk of Court, By M. Aguirre, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 312 Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME:
Leslie Chappel, et al. v. Air & Liquid Systems Corporation, etc., et al.

**CIVIL CASE COVER SHEET**
[X] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 24STCV10740
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[X] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 1. Negligence; 2. Strict Liability; 3. Loss of Consortium
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 29, 2024
Stuart B. Lewis, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: Leslie Chappel, et al. v. Air & Liquid Systems Corporation, etc., et al. | CASE NUMBER 24STCV10740 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☑ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, (11) |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: Leslie Chappel, et al. v. Air & Liquid Systems Corporation, etc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Leslie Chappel, et al. v. Air & Liquid Systems Corporation, etc., et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

| SHORT TITLE: Leslie Chappel, et al. v. Air & Liquid Systems Corporation, etc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | | | ADDRESS: N/A - Mandatory Filing in Central District |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: April 29, 2024

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

**Superior Court of California**
**County of Los Angeles**

LACBA

**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**

**Consumer Attorneys Association of Los Angeles**

**Southern California Defense Counsel**

**Association of Business Trial Lawyers**

**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ______________ (INSERT DATE) for the complaint, and ______________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

______________________________
(TYPE OR PRINT NAME)

➤ ______________________________
(ATTORNEY FOR PLAINTIFF)

Date:

______________________________
(TYPE OR PRINT NAME)

➤ ______________________________
(ATTORNEY FOR DEFENDANT)

Date:

______________________________
(TYPE OR PRINT NAME)

➤ ______________________________
(ATTORNEY FOR DEFENDANT)

Date:

______________________________
(TYPE OR PRINT NAME)

➤ ______________________________
(ATTORNEY FOR DEFENDANT)

Date:

______________________________
(TYPE OR PRINT NAME)

➤ ______________________________
(ATTORNEY FOR ______________)

Date:

______________________________
(TYPE OR PRINT NAME)

➤ ______________________________
(ATTORNEY FOR ______________)

Date:

______________________________
(TYPE OR PRINT NAME)

➤ ______________________________
(ATTORNEY FOR ______________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

   It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

➤ (TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

➤ (TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤ (TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤ (TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤ (TYPE OR PRINT NAME) (ATTORNEY FOR ______________________)

Date:

➤ (TYPE OR PRINT NAME) (ATTORNEY FOR ______________________)

Date:

➤ (TYPE OR PRINT NAME) (ATTORNEY FOR ______________________)

Print Save Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | FAX NO. (Optional): | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _______________ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _______________ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR PLAINTIFF)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

**THE COURT SO ORDERS.**

Date: ____________________

JUDICIAL OFFICER

Print Save Clear

FILED
LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK
BY NANCY NAVARRO, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | | |
|---|---|---|
| General Order Re Use of Voluntary Efficient Litigation Stipulations | ) ) ) ) ) ) | ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: May 11, 2011

Carolyn B. Kuhl

Carolyn B. Kuhl, Supervising Judge of the Civil Departments, Los Angeles Superior Court

TIMOTHY F. PEARCE, ESQ. (SBN 215223)
STUART B. LEWIS, ESQ. (SBN 321824)
ANYA FUCHS, ESQ. (SBN 215105)
HANNAH B. OXLEY, ESQ. (SBN 282007)
**PEARCE LEWIS LLP**
423 Washington St., Suite 510
San Francisco, CA 94111
Tel: (415) 964-5225
Fax:(415) 830-9879
tim@pearcelewis.com
stuart@pearcelewis.com
anya@pearcelewis.com
hannah@pearcelewis.com

Attorneys for Plaintiffs
LESLIE CHAPPEL and LINDA CHAPPEL

**Electronically FILED by Superior Court of California, County of Los Angeles 4/29/2024 5:33 PM David W. Slayton, Executive Officer/Clerk of Court, By M. Aguirre, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**
(UNLIMITED JURISDICTION)

| | |
|---|---|
| LESLIE CHAPPEL and LINDA CHAPPEL,<br><br>Plaintiffs,<br><br>vs.<br><br>AIR & LIQUID SYSTEMS CORPORATION, successor by merger to Buffalo Pumps, Inc.; ARMSTRONG INTERNATIONAL, INC.; AURORA PUMP COMPANY; CARRIER CORPORATION; FMC CORPORATION, as Successor-in-Interest to Peerless Pump Co.; GENERAL ELECTRIC COMPANY; GENUINE PARTS COMPANY, d/b/a National Automotive Parts Association a/k/a NAPA; GOULDS PUMPS LLC; HILL BROTHERS CHEMICAL COMPANY; HONEYWELL INTERNATIONAL INC., f/k/a AlliedSignal Inc., Successor-in-Interest to The Bendix Corporation; IMO INDUSTRIES, INC.; I.T.T. INDUSTRIES, INC., individually and as successor to Bell & Gossett; KAISER GYPSUM COMPANY, INC.; KROEGER EQUIPMENT & SUPPLY CO.; METALCLAD INSULATION LLC; MORSE TEC LLC, f/k/a BorgWarner Morse TEC LLC, as Successor-by-merger to Borg-Warner | Case Number: 24STCV10740<br><br>**PRELIMINARY FACT SHEET**<br><br>**(Personal Injury)** |

Corporation; PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation f/k/a Westinghouse Electric Corporation; PEP BOYS, MANNY MOE & JACK OF CALIFORNIA LLC, f/k/a The Pep Boys Manny, Moe & Jack Of California; PFIZER, INC.; PNEUMO ABEX LLC, successor in interest to Abex Corporation; REDCO CORPORATION f/k/a Crane Co.; VELAN VALVE CORP.; WARREN PUMPS LLC; UNION CARBIDE CORPORATION; YORK INTERNATIONAL CORPORATION; and the FIRST DOE through THREE HUNDREDTH DOE, inclusive,

Defendants.

## I. BACKGROUND INFORMATION

Name: Leslie Chappel

Address: 44200 Brookside Road City: Miramonte State: CA

Date of Birth: May 4, 1943

Based on the current facts, do plaintiff(s) intend on filing a motion for preference?

☐ Yes ☐ No ☒ Do Not Know

Have you received, or have you applied for, Medicare benefits or Social Security Disability benefits?

☒ Yes☐ No

Have you ever resided in California? ☒ Yes ☐ No. If YES, provide cities in California where you resided and the dates you resided in each city. Plaintiff resided in Fresno, California from the 1960's thru the late 1970's and again from the early 1980's and a California resident from the early 1980's until present. More specific detail will be provided with Standard Interrogatory Responses. Plaintiff's investigation and discovery are continuing.

## II. EXPOSURE

Date of First Claimed Asbestos Exposure: 1961

Date of Last Claimed Asbestos Exposure: 1993

For each asbestos-containing product to which you claim you were exposed, please provide the following information (fill in the chart): Plaintiffs' investigation and discovery are continuing.

| Defendant | Product at Issue | Date(s) of Exposure | Employer | Location of Exposure | Type of Exposure (Direct, Occupational, Para-Occupational or Non-Occupational) |
|---|---|---|---|---|---|
| AIR & LIQUID SYSTEMS CORPORATION, successor by merger to Buffalo Pumps, Inc.; ARMSTRONG INTERNATIONAL, INC.; AURORA PUMP COMPANY; CARRIER | Pumps, valves, steam traps, condensers, compressors, gasket, packing, pipe covering, and | 1961-1965 | US Navy | Long Beach, California | Direct |

| | | | | | |
|---|---|---|---|---|---|
| CORPORATION; FMC CORPORATION, as Successor-in-Interest to Peerless Pump Co.; GENERAL ELECTRIC COMPANY; HILL BROTHERS CHEMICAL COMPANY; IMO INDUSTRIES, INC.; I.T.T. INDUSTRIES, INC., individually and as successor to Bell & Gossett; METALCLAD INSULATION LLC; PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation f/k/a Westinghouse Electric Corporation; REDCO CORPORATION f/k/a Crane Co.; VELAN VALVE CORP.; WARREN PUMPS LLC; UNION CARBIDE CORPORATION; YORK INTERNATIONAL CORPORATION; and the FIRST DOE through THREE HUNDREDTH DOE, inclusive. | associated thermal insulation products as well as contractors who installed these materials. | | | | |
| AIR & LIQUID SYSTEMS CORPORATION, successor by merger to Buffalo Pumps, | Pumps, valves, steam traps, condensers, compressors, | 1966-1979 | Various jobsites. Iron Workers Union, | Fresno, California | Direct |

| | | | | | |
|---|---|---|---|---|---|
| Inc.; ARMSTRONG INTERNATIONAL, INC.; AURORA PUMP COMPANY; CARRIER CORPORATION; FMC CORPORATION, as Successor-in-Interest to Peerless Pump Co.; GENERAL ELECTRIC COMPANY; GOULDS PUMPS LLC; HILL BROTHERS CHEMICAL COMPANY; IMO INDUSTRIES, INC.; I.T.T. INDUSTRIES, INC., individually and as successor to Bell & Gossett; PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation f/k/a Westinghouse Electric Corporation; REDCO CORPORATION f/k/a Crane Co.; VELAN VALVE CORP.; WARREN PUMPS LLC; UNION CARBIDE CORPORATION; YORK INTERNATIONAL CORPORATION; and the FIRST DOE through THREE HUNDREDTH DOE, inclusive. | gasket, packing, pipe covering, and associated thermal insulation products. | | Fresno, California. | | |

| | | | | | |
|---|---|---|---|---|---|
| HILL BROTHERS CHEMICAL COMPANY; KAISER GYPSUM COMPANY, INC.; PFIZER, INC.; UNION CARBIDE CORPORATION; and the FIRST DOE through THREE HUNDREDTH DOE, inclusive. | Drywall, joint compound, floor tile and associated construction products. | Early 1970's. | Residence in Fresno, California. | Fresno, California. | Direct |
| GENUINE PARTS COMPANY, d/b/a National Automotive Parts Association a/k/a NAPA; HONEYWELL INTERNATIONAL INC., f/k/a AlliedSignal Inc., Successor-in-Interest to The Bendix Corporation; KROEGER EQUIPMENT & SUPPLY CO.; MORSE TEC LLC, f/k/a BorgWarner Morse TEC LLC, as Successor-by-merger to Borg-Warner Corporation; PEP BOYS, MANNY MOE & JACK OF CALIFORNIA LLC, f/k/a The Pep Boys Manny, Moe & Jack Of California; PNEUMO ABEX LLC, successor in interest to Abex Corporation; and the FIRST DOE through THREE HUNDREDTH DOE, inclusive. | Brake linings, clutches, and associated suppliers. | 1970's and 1980's thru 2000's. | Self, L&L Firewood and Personal Vehicles. | Fresno, California | Direct |

Have you ever served in the military? ☒ Yes ☐ No

If yes:

(a) Identify the branch of service: US Navy

(b) Identify the dates of service: July 25, 1961, until March of 1965.

(c) Identify the rank and title: Shipfitter

## III. <u>MEDICAL HISTORY</u>

1. Which of the following diseases have you been diagnosed with? Check all that apply:

☐ Mesothelioma (pleural) ☐ Mesothelioma (peritoneal)

☒ Lung Cancer – Squamous Cell Carcinoma

☐ Asbestosis ☐ Pleural Disease ☐ Other Specify:

2. Date of diagnosis and name of diagnosing doctor (per disease, if more than one):

Plaintiff was diagnosed with Non-Small Cell Lung Cancer thru a biopsy performed April of 2020.

3. Does any pathology material exist for the individual claiming an asbestos-related injury?

☒ Yes ☒ No

If YES, please identify what material exists and where it is presently located:

Fresno VA Medical Center, Fresno, California.

4. Have you ever smoked? ☒ Yes ☐ No

If YES, state years and quantity smoked: Plaintiff smoked approximately one pack per day from 1965 until 1981. Plaintiff has been a non-smoker since 1981. Plaintiffs' investigation and discovery are continuing and ongoing.

Date: April 29, 2024

**PEARCE LEWIS LLP**

[signature]

STUART B. LEWIS, ESQ.
Attorneys for Plaintiffs

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/29/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: M. Aguirre Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24STCV10740 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Laura A. Seigle | 15 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record David W. Slayton, Executive Officer / Clerk of Court

on 04/30/2024 (Date) By M. Aguirre, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.